# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MATTA, <br><br>           Petitioner/Defendant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent/Plaintiff. | CASE NOS. 11-CR-1100 LAB<br>                13-CV-0016 LAB<br><br>**ORDER DENYING HABEAS PETITION** |

On September 12, 2014, the Court denied all of Petitioner Daniel Matta's habeas claims except for one: that his counsel was ineffective for not filing a notice of appeal when he asked her to. (Pet. at 9.) The Court ordered an evidentiary hearing on Matta's claim pursuant to *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005), and held the hearing on November 24, 2014. Matta appeared *pro se* and William Cole appeared on behalf of the United States.

At the evidentiary hearing, Matta acknowledged that he waived attorney-client privilege in pursuing this claim. (*See also* Docket no. 46.) The Court heard testimony from his criminal defense counsel, Michelle Betancourt. Ms. Betancourt testified that, based on her custom and habit, she would have filed a notice of appeal if Matta asked her to do so. She provided the parties with a complete record of her representation of Matta, which did not contain any indication that either he or anyone on his behalf asked her to appeal his

criminal conviction. Her records contained detailed descriptions of her conversations with Matta and those acting his behalf, including Matta's wife. Ms. Betancourt further testified that it is her established custom and habit to include in these detailed records any request for an appeal by a criminal defendant or anyone acting on his behalf. The absence of any indication that an appeal was requested confirmed her recollection that Matta never asked her to appeal his criminal sentence as his habeas petition alleges.

In contrast, the evidence supporting Matta's contention was thin. Matta never offered his own sworn testimony or subjected himself to cross examination at the evidentiary hearing, though the Court told him he had those rights. He made a proffer that his request for an appeal occurred as an aside to Ms. Betancourt during the sentencing hearing itself, and the Court assumes that his testimony would have been to the same effect. But the circumstances of the Court's February 13, 2012 sentencing hearing do not support his statement. The Court sentenced Matta to 120 months in prison for importing heroin into the United States pursuant to his plea agreement. After Matta spoke and asked for a more lenient sentence, the Court made it clear that its hands were tied: "You know I can't do that, right? You know the way the sentencing law applies here." (Sentencing Tr. at 6:5–6.) The Court even explained that it thought Matta's sentence was too severe.

> I cannot impose, absent a motion from the United States, a sentence of less than 120 months in this case. If there is a way to impose a lesser sentence, then I am on board with it. I think that's too much time, even given the circumstances here. Doesn't make great sense to me that a prior drunk driving catapults him into this category. I would not have sentenced 97 to 121 months. I think that's too long under all the circumstances of this case.

(Sentencing Tr. at 9:9–16.) At sentencing, the Court specifically drew Matta's attention to the fact that he waived his right to appeal his sentence, with no objection or sign of confusion from Matta. (Sentencing Tr. at 12:5–19.) Throughout sentencing, Matta gave no indication that the sentence he was receiving was anything other than what he bargained for in the plea agreement and what was promised to him by his counsel.

///

1       The Court also notes that Matta made other representations that lacked credibility. For instance, his cross-examination of Ms. Betancourt challenged her to remember that she promised him that, if he accepted the plea agreement, he would be placed in an advisory guidelines range with a low end of 46 months. His habeas petition makes the same claim. (Docket no. 28, Pet., at 14.) But the plea agreement, bearing Matta's signature and initials, makes it clear there was no such offer. (*See generally* Docket no. 32, Plea Agreement.) At Matta's change-of-plea hearing, Magistrate Judge Porter asked Matta if he had any questions about the plea agreement, and he answered no. (Plea Tr. at 9:12–14.) When Judge Porter asked Matta if he initiated and signed the plea agreement, read it, and discussed it with his attorney, he answered yes. (Plea Tr. at 9:2–11.) Finally, she asked him if he'd "been promised anything by anyone that's been a factor in your decision to plead guilty," and he answered no. (Plea Tr. at 11:1–4.) Matta's habeas petition, for the first time, says that it all happened differently: that he was made promises in derogation of the plea agreement, and that he asked for an appeal rather than knowingly waived it. The evidentiary hearing and the record as a whole establish by a clear preponderance of the evidence those assertions are false.

      The Court accepts and credits Ms. Betancourt's version of the facts. It is consistent with the circumstances at the Court's February 13, 2012 sentencing hearing, and with the overall record. The Court understands that Mr. Matta is dissatisfied with his sentence. It is not a sentence that the Court would have imposed if not for the mandatory minimum. But the Court must reject Matta's claim that his counsel was ineffective for not filing a notice of appeal when he asked her to, because the Court finds that he did not ask her to appeal. The claim is **DENIED**. The petition is **DISMISSED WITH PREJUDICE**.

///
///
///
///
///

1 |       Additionally, the Court declines to issue a certificate of appealability as Matta has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: November 25, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge